### DAVIS, plaintiff in error, v. PEOPLE.

*Evidence — death from abortion — declarations of deceased, when admissible.*

To constitute an offense under the first section of the Abortions act of 1872 (Laws 1872, chap. 181, § 1) the death of the mother or child is essential, and the dying declarations of a person upon whom an abortion has been produced, concerning the circumstances of the act, are therefore admissible against one charged with the offense.

But declarations made after the act, when the person making them is not in a dying condition, are not admissible.

THE prisoner was indicted at the Otsego oyer and terminer on the 20th day of September, 1872, for advising and procuring one Clara Penry to submit to the use of an instrument by one William T· Crandall, with the intent to produce the miscarriage of the said Clara Penry, and the indictment charged that the death of the said Clara Penry and that of the child was produced by the use of the instrument.

He was tried upon the indictment, at the oyer and terminer held in June, 1873. After the jury had been sworn, and before the case had been opened for the people, the prisoner's counsel moved to quash the indictment on the ground that the offense was alleged to have been committed in the town of Brookfield, in county of Madison, etc., which motion was denied.

The prisoner's counsel then asked the court to quash the third count in the indictment, on the ground that it contained two distinct and separate offenses, and was bad for duplicity, which motion was also denied and an exception taken. The people then called Mrs. Phebe Penry, who testified, among other things, that the defendant and his wife came to her house on Sunday afternoon, the 7th of July, and that Clara Penry went away with him in a buggy for the purpose of having an abortion produced, and returned about one o'clock in the night; that the witness did not see the defendant to speak to him, and that he did not come into the house when he came back. The district attorney then offered to show that Clara stated to the witness upon her return what had been done to her while she had been away, which· was objected to by the prisoner's counsel. The objection was overruled by the court, and the counsel duly excepted. The witness testified to what Clara said had been done. After some other evidence had been given by the same witness, the district attorney offered to show the dying declarations of Clara Penry, which were objected to by prisoner's counsel. The objections were overruled by the court, and the prisoner's counsel excepted. Evidence of dying declarations was then given, under the objection of counsel. After other evidence had been given by the people, and evidence given by the prisoner, the court charged the jury, who retired, and on returning into court, rendered a verdict of guilty.

The prisoner's counsel then moved the court in arrest of judgment, which motion was denied. The prisoner was then sentenced by the court to imprisonment in the State prison for four years. A

bill of exceptions was made and settled, and a writ of error allowed.

*J. A. Lynes,* for plaintiff in error.

*S. A. Bowen,* district attorney, for people.

MILLER, P. J.   It is insisted that the court erred in admitting the dying declarations of Clara Penry, the girl upon whom the abortion was produced, and in charging the jury, that in determining the defendant's guilt, they had a right to consider such dying declarations.

Under the statute in question (Laws of 1872, chap. 181, § 1), for the violation of which the prisoner was indicted, the death of the mother or of the child is the substance of the offense, and without the death of the one or the other, no crime is made out within this provision.   This is a gravamen of the charge, without proof of which it is not complete or consummated.   True, the administering, or the prescribing, or the advising, or procuring a woman to take medicine, and the use and employment, or advising or procuring her to submit to the use or employment of any instrument or other means, with the intent to produce a miscarriage, is an essential and an important part of the crime; but all of those do not establish an offense under this section, unless death ensues.   While these acts may, perhaps, be punishable of themselves, and constitute a crime under other provisions of law, they do not establish the entire offense charged in the indictment, and it is not made out, unless the death of the child or the mother ensues and is proved.

Even if these elements are preliminary to and a portion of the crime, it cannot be denied that the death of the mother or of the child as a consequence of them is the main feature, and the substance, without the existence of which it is incomplete.   Such being the case, the dying declarations were competent within the rule laid down in the authorities, that they are admissible when death is the subject of the charge, and the circumstances of the death are the subject of the dying declarations.   1 Greenl. Ev., § 156.

There is no force in the objection that the indictment is bad, because the offense is laid in the county of Madison, nor in the

Davis. v. People.

point taken, that the third count should have been quashed, upon the ground that it contained two separate and distinct offenses.

We are, however, of the opinion that the court erred in admitting evidence of the declarations of the deceased after her return home with the defendant. We think that they did not constitute a part of the *res gestæ*, and were not admissible as the acts and declarations of a conspirator, for the purpose of showing the prosecution of a common design, and carrying out the unlawful combination. Every thing had been done to produce the abortion, and hence the declarations were after a crime had been actually committed. True, the abortion had not yet been produced, nor had death ensued as its consequence, but these were the results of what had been done, and did not constitute a part of the act perpetrated in committing the crime. It is also true that medicine was administered before the abortion was procured, and directions were given as to the lying-in of the deceased, and as to her treatment; but the evidence fails to show that these constituted any part of the act necessary to complete the offense. And here lies the distinction, that, as the evidence stood, the declarations proved were after every thing had been done to accomplish and to consummate the crime, and not before, and hence they were inadmissible, and the court erred in its decision.

For the error last stated, the conviction must be reversed, and a new trial ordered at the Otsego oyer and terminer.

*Conviction reversed and new trial ordered.*